## Commonwealth v. Hockenberry

*Harold F. Kerchner*, district attorney, for Commonwealth.

*H. Brown Fry*, for defendant.

TROUTMAN, P. J., October 2, 1950.— Defendant, Cecil W. Hockenberry, is charged with reckless driving under the provision of section 1001 of The Vehicle Code of May 1, 1929, P. L. 905.

The affidavit to the information, made by Carl C. Chambers of the Pennsylvania State police, is in the following form: "Sworn to and subscribed before me this 22nd day of April, A. D., 1950" and taken before E. M. Ramsey, justice of the peace, in the Township of Fermanagh, County of Juniata. Defendant waived summary hearing and gave bond for his appearance at

the next term of court. Defendant has filed a motion to quash the information and transcript for the following reason:

"The information signed by the complainant, Carl C. Chambers, Pennsylvania State Police, in that it violates Article I, Section 8, of the Pennsylvania Constitution, and is therefore fatally defective in its entirety, because it fails to disclose that it is based upon information received by the complainant and fails to state his belief in the truth of that information."

Upon hearing in open court the evidence showed that the complaint was made upon information received by the informant and not from personal knowledge.

In the case of Commonwealth v. Deppen, 52 D. & C. 442 (1944), Judge Woodside summarized and clarified the law with regard to the form and sufficiency of a complaint made upon information received. In this case the information was based on "Information received which he verily believes to be true." This was held to be sufficient and consonant with previous decisions of our appellate courts. Judge Woodside observed (p. 447) : "The tendency is to become less technical, and the courts are becoming more reluctant to require the use of specific words in pleadings where no harm can result from the use of other than the customary language." However, he further observed that:

"If a law enforcement officer or an individual signs an information based not upon his personal knowledge of the facts, but upon information which he received from others, he must also swear that he *believes* the information he received."

In the case of Commonwealth v. Webber, 95 Pitts. L. J., 272 (1946), the instant question was before the court in an appeal from a summary conviction for a violation of a provision of The Vehicle Code. The information, though intended to be made on informa-

tion received, failed to so state and was made on the oath of the prosecutor as though he were an eye-witness. A motion to quash on this ground was sustained. The court in this case observed:

"We can see little if any difference between this situation and that where the offense is not a summary conviction, but a misdemeanor or felony. The security of one's person can be just as effectively disturbed by a conviction on a summary offense and a fine or imprisonment therefor as upon conviction of a serious crime with an equal fine or equal term of imprisonment. While such a situation is not likely to develop, it is possible, so that the difference is merely one of degree and not of principle."

In the case of Commonwealth v. Worley (1950), Judge Uttley, of the fifty-eighth judicial district, quashed an information charging reckless driving because the information was sworn to as a bald fact by the police officer, whereas the complaint was actually made by him upon information received. The case before this court is identical in this regard.

Violations of the summary provisions of The Vehicle Code are relatively frequent. In isolated cases there may be a tendency to charge a violation because an accident has happened rather than on "probable cause" as required by article I, sec. 8, of the Pennsylvania Constitution. This court agrees with the ruling of Commonwealth v. Webber, supra. A conviction of the summary provisions of The Vehicle Code may have implications beyond the magnitude of the offense itself. In these as in all other offenses, defendant should be protected from haste and possible oppression. If an information is not made on the personal knowledge of affiant, the least that it should contain is an affirmation that affiant believes the information he has received to be true: Commonwealth v. Deppen, supra.

*Decree*

And, now, October 2, 1950, for the reasons given in the foregoing opinion the motion of defendant is granted, and the information quashed. Costs of this proceeding to be paid by the County of Juniata.